FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 29, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RASHAD BECKHAM, | No.  2:22-cv-0073-SMJ |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2)** |
| C/O TYLER, C/O MRS. FRAZIER, C/O ALLISON, C/O PETRIE, C/O HAMBLIN C/O PURCELL and SPOKANE COUNTY JAIL NURSE, | |
| Defendants. | |

Plaintiff Rashad Beckham filed a *pro se* civil rights complaint on April 19, 2022, while incarcerated at Spokane County Detention Services. ECF No. 1. Plaintiff did not pay the $402.00 filing fee to commence this action or properly seek leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  By letter dated April 19, 2022, the Clerk's Office advised Plaintiff of these deficiencies, and specifically instructed Plaintiff to keep the Court informed of any change of address: "If you do not provide written notice of your change of address, the District Court Executive/Clerk cannot be responsible for your inability to received Court orders and correspondence." ECF No. 2. Plaintiff did not correct the deficiencies.

On June 8, 2022, the Court directed Plaintiff to either pay the applicable filing fee of $402.00 (a $350.00 filing fee, plus a $52.00 administrative fee) or properly request leave to proceed *in forma pauperis*. That Order, addressed to Plaintiff at Spokane County Detention Services, was returned as undeliverable on June 23, 2022. ECF No. 4.

Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and opposing parties advised as to his current mailing address. If mail directed to a *pro se* plaintiff is returned by the Postal Service, he has sixty (60) days to notify the Court and opposing parties of his current address or the Court may dismiss the action.  LCivR 41(b)(2).

The Court has an interest in managing its docket and in the prompt resolution of civil matters. *See Destfino v. Reiswig,* 630 F.3d 952, 959 (9th Cir. 2011) (affirming district court's inherent power to control its docket); *see also Pagtalunan v. Galaza,* 291 F.3d 639, 642–44 (9th Cir. 2002) (discussing factors to consider in dismissing a claim for failure to prosecute or failure to comply with court order, including the public's interest in expeditious resolution, the court's need to manage docket, and the risk of prejudice to defendants). Because Plaintiff has failed to keep the Court apprised of his current address, and has not satisfied the filing fee and *in forma pauperis* requirements, the Court finds it appropriate to dismiss his action.

//

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) – 2

Accordingly, **IT IS HEREBY ORDERED**:

1.   This action is **DISMISSED WITHOUT PREJUDICE** pursuant to LCivR 41(b)(2).

2.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order could not be taken in good faith and would lack any arguable basis in law or fact.

3.   The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

4.   The Court certifies that any appeal of this dismissal would not be taken in good faith and would lack an arguable basis in law or fact.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to *pro se* Plaintiff at his last known address.

**DATED** this 29th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER OF DISMISSAL PURSUANT TO LCivR 41(b)(2) – 3